Mark S. Bostick (Bar No. 111241)
Elizabeth Berke-Dreyfuss (Bar No. 114651)
Tracy Green (Bar No. 114876)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@wendel.com
Email: edreyfuss@wendel.com
Email: tgreen@wendel.com

Attorneys for Michael G. Kasolas, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FOX ORTEGA ENTERPRISES, INC.,<br>dba PREMIER CRU,<br><br>Debtor. | Case No. 16-40050-WJL<br><br>Chapter 7<br><br>**MOTION FOR ORDER AUTHORIZING SALE OF WINE PURSUANT TO BANKRUPTCY CODE SECTION 363 AND TO DETERMINE TITLE TO SEGREGATED WINE**<br><br>Date: May 2, 2016<br>Time: 1:00 p.m.<br>Place: Courtroom 220<br>       1300 Clay Street<br>       Oakland, CA<br>Judge: Hon. William J. Lafferty, III |

017558.0052\4263604.3
MOTION FOR ORDER AUTHORIZING SALE OF WINE
PURSUANT TO BANKRUPTCY CODE SECTION 363 AND TO
DETERMINE TITLE TO SEGREGATED WINE

Case: 16-40050  Doc# 235  Filed: 03/29/16  Entered: 03/29/16 15:21:07  Page 1 of 5

Michael G. Kasolas, the duly appointed and acting trustee ("Trustee') of the chapter 7 bankruptcy estate of Fox Ortega Enterprises, Inc. doing businesses as Premier Cru ("Premier Cru" or "Debtor") hereby submits this motion ("Motion") for the entry of an order, pursuant to sections 105(a), 363 and of the Bankruptcy and Rule 9014 of the Federal Rules of Bankruptcy Procedure authorizing the Trustee to proceed to sell 78,809 bottles of wine stored at Premier Cru's facility located at 1011 University Avenue, Berkeley, California (the "Facility") by establishing that the Trustee holds title to, with respect to this Motion, wine that has already been segregated. If and to the extent that the Trustee's Motion is granted, the Trustee will file a subsequent motion to sell the wine on specific terms and conditions giving an opportunity to all creditors and interested parties to object at that time.

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to Bankruptcy Code §§ 157 and 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (0), and notwithstanding the provisions of 28 U.S.C. § 157(c), the named parties hereto each executed a Stipulation for Resolution of Title as to Segregated Wines ("Stipulation") and consented that this Court may enter a final order or judgment, subject to review under 28 U.S.C. § 158. A true and correct copy of one such Stipulation is attached hereto as **Exhibit A**. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the Motion and requested relief are Sections 105(a) and 363 of the Bankruptcy Code, as well as Rule 9014 of the Federal Rules of Bankruptcy Procedure. As a contested matter governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure, the parties are protected by substantially all of the rules applicable to adversary proceedings.

2. Contested matters may, in appropriate circumstances, be an appropriate judicial mechanism to determine title to property. See, *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 268-269 (B.A.P. 9th Cir. 2005); *Warnick v. Yassian* (*In re Rodeo Canon Dev. Corp.*), 362 F.3d 603 (9th Cir. 2004) (opinion withdrawn on other grounds). In addition, the parties who executed Stipulations have waived their rights to an adversary proceeding, and agreed to have their rights determined through a contested matter and to allow the Court to enter a final judgment.

017558.0052\4263604.3 MOTION FOR ORDER AUTHORIZING SALE OF WINE PURSUANT TO BANKRUPTCY CODE 363 AND TO DETERMINE TITLE TO SEGREGATED WINE

2

Case: 16-40050 Doc# 235 Filed: 03/29/16 Entered: 03/29/16 15:21:07 Page 2 of 5

## PROCEDURAL BACKGROUND

3. The Trustee determined that of the roughly 78,809 bottles at the Facility, nearly 5,245 were physically segregated by customer name to approximately 122 customers. The Trustee notified those creditors that there was wine segregated under their name and provided a contact for them to reach at Wendel Rosen Black & Dean, LLP to obtain a list of their wines that had been segregated. The Trustee also provided those creditors with the Stipulation, asking the creditors if they wanted to stipulate to an expedited procedure to determine their claims of title pursuant to which they consented to this Court's jurisdiction to enter a final order on the issue of title or recovery and agreed that questions of title could be determined by contested matter rather than by adversary proceeding. Under the terms of the Stipulation, parties further stipulated to a briefing schedule pursuant to which responding parties would have 21 days to file an opposition to the Motion and the Trustee would have 7 days to file a reply. To facilitate that process in the absence of formal discovery, the Trustee will cooperate in providing reports and documentation to litigants as reasonably required to allow them to assess and present material facts in support of their claims of title or recovery. Thirty-nine creditors signed Stipulations agreeing to the expedited procedures. True and correct copy of an exemplar of a Stipulation is attached to the Declaration of Anna Oh, filed concurrently herewith.

## GENERAL BACKGROUND

4. On January 8, 2016, the Debtor commenced the above-captioned chapter 7 case by the filing of a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Thereafter, Kasolas was appointed the chapter 7 trustee and since then has been and now is the duly appointed and acting chapter 7 Trustee.

5. The information regarding the Debtor's business operations and history can be found in the Memorandum of Points and Authorities in Support of this Motion, filed concurrently herewith, as well as in the supporting Declaration of Brian Nishi.

## RELIEF REQUESTED

6. By this Motion, the Trustee seeks the entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9014 authorizing the Trustee to proceed

017558.0052\4263604.3   MOTION FOR ORDER AUTHORIZING SALE OF WINE PURSUANT TO BANKRUPTCY CODE SECTION 363 AND TO DETERMINE TITLE TO SEGREGATED WINE   3

Case: 16-40050   Doc# 235   Filed: 03/29/16   Entered: 03/29/16 15:21:07   Page 3 of 5

to sell the wine inventory and for a determination that, as of the commencement of the case, the estate holds title to the wine inventory pursuant to Bankruptcy Code § 541(a). Although this Motion is directed at determining the title claims to the 38 individual claimants who Stipulated to the expedited procedures, this Motion may affect the interests of all parties claiming title to the wine because a title determination on segregated wine will necessarily address the claim that title passed prior to segregation, as early as the time of purchase.

## BASIS FOR RELIEF

7. Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides" "The Court may issue any order, process or judgment that is necessary, or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. The Trustee seeks authority to proceed to sell the wine that is property of the estate pursuant to Bankruptcy Code §§ 105(a) and 363 on the grounds that the wine is property of the estate pursuant to Bankruptcy Code § 541(a), subject to a future motion setting forth the details of a particular transaction that the Trustee will seek approval for. The Trustee files this Motion to obtain an order directing that the wine associated with the creditors who have executed Stipulations can be sold so that he can then negotiate with the buyers. The Trustee will file a subsequent motion with the details of specific transactions.

9. Bankruptcy Code § 541(a)(1) provides that a debtor's estate includes all legal or equitable interests in property of the debtor as of the commencement of the case. Therefore all of the wine in the possession of the Debtor belongs to the estate unless title passed before the case was commenced. Bankruptcy Code § 363(b)(1) authorizes the Trustee to sell property of the estate.

10. For approval of the use, sale or lease of property of the estate outside of the ordinary course of business the Court must find that the transaction was based on the Trustee's reasonable business judgment, based upon an "articulated business justification." *Ernst Home Center, Inc.,* 209 B.R. 974, 979 (Bankr. W.D. Wa. 1997). The Trustee submits that when he

notices the definitive sale motion, the proposal sale will satisfy all of the requirements of Section 363(b)(1) and be based upon the Trustee's reasonable business judgment. The instant Motion is necessary because, prior to any noticed sale motion, the Trustee must establish that the wine inventory is property of the estate. Therefore, the granting the Trustee's Motion and entry of an order allowing him to proceed to sell the wine subject to a further motion for approval of a specific sale agreement is warranted.

WHEREFORE, the Trustee prays for entry of an order granting the Motion and determining that the wine at issue is property of the estate that the Trustee may sell.

DATED: March 29, 2016     WENDEL, ROSEN, BLACK & DEAN LLP

By:  */s/ Mark S. Bostick*
Mark S. Bostick
Elizabeth Berke-Dreyfuss
Tracy Green
Attorneys for Michael G. Kasolas, Trustee

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036