Kathy Bazoian Phelps (148083)
**DIAMOND MCCARTHY LLP**
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Phone: (310) 651-2997
Email: kphelps@diamondmccarthy.com

*Special Litigation Counsel for*
*Michael 7 Kasolas, Chapter 7 Trustee*
*For Fox Ortega Enterprises, Inc.*
*Dba Premier Cru*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FOX ORTEGA ENTERPRISES, INC., dba PREMIER CRU<br><br>Debtor. | Case No. 16-40050-WJL<br><br>Chapter 7 |
| MICHAEL G. KASOLAS, Chapter 7 Trustee for Fox Ortega Enterprises, Inc. dba Premier Cru<br><br>Plaintiff<br><br>vs.<br><br>BELMONT WINE EXCHANGE, LLC | Adversary No. _____<br><br><br><br>**ORIGINAL COMPLAINT** |

Plaintiff Michael G. Kasolas, the Chapter 7 Trustee (the "**Trustee**") for Fox Ortega Enterprises, Inc. dba Premier Cru ("**Premier Cru**" or the "**Debtor**"), brings this adversary proceeding against Belmont Wine Exchange, LLC ("**Defendant**") and alleges as follows:

**INTRODUCTION**

1.      This suit seeks the avoidance and recovery of transfers from Premier Cru to the Defendant as well as the avoidance of certain obligations Premier Cru incurred in the Defendant's favor. These transfers and obligations were part of a fraudulent scheme involving the sale of wine

that caused the loss of tens of millions of dollars. At the time of the Premier Cru's bankruptcy, approximately 4,500 customers had not received pre-arrival wine for which that had already paid, with losses reaching $45 million.

2. Transfers to the Defendant and the obligations incurred by Premier Cru were made as part of the fraud and with the actual intent to hinder, delay, or defraud Premier Cru's creditors. Premier Cru incurred obligations in favor of the Defendant for the purpose of acquiring funds necessary for the continuation of the fraud. Later, Premier Cru made transfers to the Defendant with the purpose of concealing the ongoing fraud, to lull customers into a false sense that Premier Cru was a legitimate business, to cause the customers to continue to purchase wine from Premier Cru, and to prevent them from complaining to law enforcement authorities.

3. The Trustee requests that this Court grant relief that will return the value of the transfers to the Defendant that were made as a part of the scheme. Specifically, the Trustee seeks the avoidance and recovery of the transfers made and obligations incurred that are identified below under 11 U.S.C. §§ 544, 548, 550 and California Civil Code § 3439.04.

**JURISDICTION AND VENUE**

4. This is an adversary proceeding, pursuant to Federal Rule of Bankruptcy Procedure, which relates to the Chapter 7 proceeding captioned *In re Fox Ortega Enterprises, Inc., dba Premier Cru*, Case No. 16-40050-WJL (Bankr. N.D. Cal., Oakland Div.).

5. This Court has subject matter jurisdiction over this action pursuant to section 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), in that this adversary proceeding arises in, arises under, and/or relates to Premier Cru's chapter 7 case.

6. This adversary proceeding is a core proceeding under section 157(b)(2) of Title 28 of the United States Code, such that this Court has jurisdiction to hear and determine this proceeding and to enter an appropriate order and judgment. To the extent necessary, the Trustee consents to entry of a final order or judgment by this Court.

7. The Defendant's forum-related activities give rise to the action before the Court. The Defendant purposefully directed its activities and consummated the transactions described below within California, thereby invoking the benefits and protection of California law. As

Case: 16-40050    Doc# 688    Filed: 01/05/18    Entered: 01/05/18 12:59:25    Page 2 of 27

reflected in the applicable terms and conditions for the transactions described below, "[a]ny wine sold to you by Premier Cru is sold in California, and title passes to you, the buyer, in California." Furthermore, the Trustee's claims arise out of or relate to the Defendant's forum-related activities.

8. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409(a) because the Debtor's chapter 7 case is pending in this judicial district.

## PARTIES

9. The Trustee is the duly appointed chapter 7 trustee for the bankruptcy estate of Premier Cru. Premier Cru entered bankruptcy proceedings on January 8, 2016 (the "**Petition Date**"), at which time the Trustee was appointed by the Court. The Trustee is duly authorized and empowered to pursue any and all claims of the Debtor's estate.

10. Defendant Belmont Wine Exchange, LLC is a California limited liability company with its principal place of business at 25811 Clawiter Road, Hayward, California 94545. Defendant may be served with process through its registered agent, Andrew Harris Zimmerman at 209 St. James Drive, Piedmont, California 94611.

## GENERAL ALLEGATIONS

### I. Premier Cru's Operations

11. Premier Cru was founded in 1980 by John Fox ("**Fox**") and Hector Ortega as a seller of top-quality wines in the Bay Area. During all relevant times, Fox owned equity in Premier Cru and served as its President. Fox made all significant business decisions for Premier Cru. Fox was the sole manager of the company's finances, including payment of Premier Cru's bills and expenses, as well as obtaining business loans and financing from banks or individuals to fund Premier Cru's operations.

12. Premier Cru originally operated out of a small storefront in Oakland with a focus on hard to find and limited production offerings. As Premier Cru's popularity grew, the company determined that it would begin purchasing its supply of wine from sources overseas and obtained its own import license. Premier Cru touted that it could eliminate the middle man while

simultaneously increasing the allocation of hard to locate wines by supposedly sourcing its inventory directly.

13.     The Debtor generally sold wine in two ways.  First, the company sold wine that was, or supposedly was, physically held in Premier Cru's inventory.  Second, Premier Cru sold wine on a "pre-arrival" basis, whereby customers paid for wine that was not in Premier Cru's physical possession but which Premier Cru represented it had already purchased.

14.     In the wine industry, there are generally two ways to purchase wine before it is released to the open market.  "Wine futures" involve the purchase of wine while it is still in the barrel and before the wine is bottled.  Because the purchaser must wait for the wine to age in the barrel, buyers can expect to wait years before receiving the wine they purchased. Premier Cru did not sell wine futures.  In contrast, "pre-arrival" wines are sold to collectors months before a wine is released to the open market, but after the wine has actually been bottled.  Unlike "wine futures," there is generally less risk in pre-arrival purchasing because importers know exactly how many bottles they will receive from the supplier.  Pre-arrival sales allow consumers to purchase difficult to locate wines at prices that are generally lower than what is found in the market. Premier Cru purportedly sold pre-arrival wines.

15.     Premier Cru sold pre-arrival wine through a website operated and maintained by Premier Cru or through salespeople who worked in the Premier Cru offices and reported to Fox. The "Terms and Conditions" associated with the sale of pre-arrival wine provided as follows:

> The term "Pre-Arrival" is applied to wines we have purchased (typically abroad) that have not arrived yet.  Depending on the particular wine, the arrival time is typically 6+ months to over two years (in the case of Bordeaux Futures, for example).

> Many new releases of highly desirable, limited-production wines (ie – Burgundy, Rhone, Italian, etc.) are offered on a "Pre-Arrival" basis by our suppliers.  These offerings typically take 6 to 18 months to arrive and are often the only way to source the wines before they sell out (and at optimal prices).  We send an email notification when your wine arrives.

According to Fox, the majority of Premier Cru's revenue was derived from pre-arrival sales.

## II.    The Fraud

16.    On or about August 11, 2016, Fox entered into a guilty plea in guilty plea in his criminal case [*United States v. John Fox*, Case No. CR 16-281 JD, N.D. Cal] and executed a Plea Agreement in which he admitted that he operated the Debtor as a fraudulent scheme.  In his plea agreement, Fox admitted that he "devised a scheme to defraud, and a scheme for obtaining property by means of false and fraudulent pretenses, representations and omissions, through Premier Cru's sale of pre-arrival wine." Fox further admitted that his fraudulent conduct began as early as 1993 or 1994.  Through Fox's actions, Premier Cru engaged in a massive fraud whereby funds derived from later fraudulent wine sales were used to pay obligations that arose from earlier fraudulent transactions.

17.    According to Premier Cru, the pre-arrival wines were wines that the company had supposedly already contracted to purchase from its suppliers.  Premier Cru further represented that it would deliver the pre-arrival wines to customers within a time period of approximately six months to two years after customers had paid for the wine.   These representations were false at the time they were made for at least two reasons.  First, Fox admitted to falsifying purchase orders for wine that Premier Cru had not contracted to purchase and then entering that wine into Premier Cru's inventory records for sale to its customers.  He stated that Premier Cru "priced these wines at prices below the market price, knowing that [he] had not and would not need to actually pay for this wine from any vendors."   Second, Fox stated that Premier Cru contracted with "foreign suppliers . . . to purchase wine, generally with the promise to pay those foreign suppliers within 30 days."  Fox did so even where he "knew that Premier Cru would not be able to make payment within 30 days, or ever" because he (a) "embezzled money from Premier Cru's business accounts that [he] should have used to pay Premier Cru's suppliers" or (b) "diverted money coming in from current customers to obtain wine for prior customers who had never received their wine."   In either event, the end result was the same—Premier Cru did not have the wine required to fulfill the obligations for its pre-arrival customers.  Fox further admitted that "customers paid Premier Cru for wine that [he] knew Premier Cru could not deliver to them and which they never received" and that his false statements were made "with the intent to defraud Premier Cru's customers."  At the

time of the bankruptcy, approximately 4,500 customers had not received pre-arrival wine for which that had already paid.

18.     The fraud was unsustainable on its face because the funds Premier Cru received from its customers were less than the cost of purchasing wine at a later date to fulfill the outstanding orders.  Due to the rarity of the wines at issue, purchasing wines on the open market after their release is far more costly than sourcing the wines from appropriate oversea suppliers on a pre-arrival basis.  Furthermore, Premier Cru sometimes offered pre-arrivals at a price lower than the current market for pre-arrivals.  This act of undercutting the market assisted in raising funds while simultaneously increasing the gap between Premier Cru's assets and its obligations.  To make matters worse, Premier Cru's Fox removed millions of dollars from the company, further reducing the funds available to satisfy Premier Cru's obligations.  Because Premier Cru was not generating sufficient revenue from the pre-arrival sales to ultimately purchase wine for its customers, the company was forced to enter into an increasing number of fraudulent, pre-arrival sales to fill the financial gap and generate the funds required to purchase wine for its existing customers.  As Premier Cru's liquidity and its ability to enter into a sufficient number of new pre-arrival transactions declined, Premier Cru was forced to declare bankruptcy in 2016.

19.     Prior to 2015, Premier Cru was able to conceal its fraud from its creditors.  According to Fox, his efforts to conceal the fraud included (a) offering falsified excuses and promises for wine that Premier Cru would not be delivered; (b) delivering wine that was purchased by other customers; and (c) purchasing wine at retail prices for use in fulfilling outstanding orders.  Fox admitted that he "took these and other actions to "conceal [Premier Cru's] ongoing fraud, to lull customers into a false sense that Premier Cru was a legitimate business, to cause [its] customers to continue to purchase wine from Premier Cru, and to prevent them from complaining to law enforcement authorities."  Furthermore, Premier Cru concealed its fraud by making cash disbursements to customers whose orders were not fulfilled, often in amounts greater than what customers had originally paid for their alleged pre-arrival orders.

20.     The sales and subsequent transfers to the Defendant were made as a part of the fraud and with the actual intent to hinder, delay, or defraud Premier Cru's creditors.  Premier Cru

made the transfers and incurred the obligations with the purpose of concealing the ongoing fraud, lulling customers into a false sense that Premier Cru was a legitimate business, causing customers to continue to purchase wine from Premier Cru, and preventing customers from complaining to law enforcement authorities by paying them cash settlements.

### III.    Badges of Fraud Related to the Transactions with the Defendant

21.     Multiple badges of fraud are present with respect to the transactions with and transfers to the Defendant, including the following:

- Premier Cru was insolvent during the period of the transfers;

- Premier Cru had incurred, and was continuing to incur, substantial debt while it was making its payments to the Defendant;

- The true nature of the transactions with the Defendant was concealed. Premier Cru made false statements indicating that it was contractually entitled to receive the pre-arrival wine from its suppliers and falsified accounting documentation to cover up its fraudulent actions. Fox further admitted to making efforts to conceal the fraud through false statements to customers regarding the status of their orders. As admitted by Fox, his actions were undertaken with the intent to defraud customers;

- The transfers were made while Premier Cru was under threat of potential lawsuits. Had Premier Cru's creditors discovered the fraud, Premier Cru and its principals would have been subject to numerous lawsuits. In fact, Premier Cru's customers repeatedly and regularly threatened the company with lawsuits where pre-arrival wine was not delivered, and in some instances, actually filed suit;

- Premier Cru removed and concealed assets. Fox admitted that, in the face of customer complaints, he caused Premier Cru to deliver wine to the complaining customers that was paid for by other customers. Furthermore, Fox caused Premier Cru to transfer large sums for his personal benefit as further described in his plea agreement;

- Premier Cru incurred the obligations and made the transfers described herein for less than reasonably equivalent value;

- As described in more detail above, the overall existence and cumulative effect of the pattern, series of transactions, and Premier Cru's course of conduct indicate the transactions with the Defendant were designed to defraud creditors. Premier Cru incurred debt and faced financial difficulties, and as a result, entered into the transactions with the Defendant and other customers in order to further the fraud;

- The general chronology of events and the transactions under inquiry indicate the intent to defraud. Premier Cru entered into pre-arrival wine sales without having the underlying right to receive the wine from its suppliers. The purpose of the

transactions was to provide liquidity to fuel the fraud and for Fox's improper diversions and embezzlement. Moreover, Premier Cru's entry into fraudulent pre-arrival wine sales naturally increased based upon its need to enter into more and more fraudulent transactions to pay for prior obligations;

- Premier Cru's conduct was both exceptional and peculiar. Such conduct included falsifying accounting documentation, making false statements to customers, and generally utilizing payments from later customers to fulfill obligations owed to prior customers;

- Premier Cru made false statements, concealed facts, and operated under false pretenses. Among other things, Premier made misrepresentations concerning the following: (a) its financial condition; (b) its contractual relationships with suppliers and its right to receive the wines in question; (c) its inventory balances; and (d) the purported reason for delays in wine delivery;

- The transactions with the customers for the fraudulent wine transactions, including the Defendant, were questionable and not in ordinary course for a legitimate business. Companies such as Premier Cru do not intentionally misrepresent their inventory and contractual purchases from their vendors or alter documents to support sales;

- Premier Cru entered into the transactions involved in the fraud under secrecy and haste, and the transactions were unusual. Premier Cru disguised its pre-arrival sales using falsified documentation and misrepresentations to its customers. Furthermore, Premier Cru acted with haste in fulfilling fraudulent orders for those customers that complained repeatedly or forcefully;

- Premier Cru was aware of its creditors' claims against the company and that Premier Cru was incapable of paying those claims.

## CLAIMS FOR RELIEF

### Count I – Actual Intent Fraudulent Transfer
### Under 11 U.S.C. § 548(a)(1)(A)
### (Wine and Cash Transfers)

22. The Trustee re-alleges and fully incorporates the allegations pleaded in the preceding paragraphs as if fully set forth herein.

23. The Debtor presently has one or more creditors whose claim arose either before or after the transfers to the Defendant.

24. Premier Cru transferred at least 4,411 bottles of wine to the Defendant in the two years prior to the Petition Date (the "**548 Transfers**"). The 548 Transfers are more fully described in Exhibit A, which is attached hereto.

25. The 548 Transfers were made within two years of the Petition Date.

26. The aggregate amount of the 548 Transfers may be in excess of the above-stated amount, and the Trustee may amend his Complaint as and when additional transfers made as a part of the scheme are ascertained.

27. The 548 Transfers were made as a part of the fraud at Premier Cru. Premier Cru entered into the underlying wine sales in furtherance of its fraudulent scheme. Each of the transactions generated cash through the alleged "sale" of the wine to the Defendant. These sham transactions provided Premier Cru with the funds it required to satisfy already existing obligations that were part of the fraudulent scheme. Furthermore, Premier Cru entered into additional transactions with other customers at a later time that ultimately provided the company with the funds necessary to purchase wine for the 548 Transfers. This pattern of conduct of using new money to fund the fulfillment of earlier obligations constitutes a Ponzi scheme or similar fraud whereby funds received from later fraudulent transactions were used to fund prior obligations.

28. Moreover, Fox's plea agreement evidences Premier Cru's intent to defraud its creditors through the fraudulent scheme. Therefore, the 548 Transfers were made with the actual intent to hinder, delay, or defraud entities to which Premier Cru was or became indebted to on or after the date of the transfer.

29. As stated above, there are a multitude of badges of fraud present with respect to the transactions with the Defendant. The existence and sheer number of the badges of fraud present in this matter indicate that Premier Cru intended to hinder, delay, or defraud its creditors in entering into and making the 548 Transfers.

30. Defendant was the initial transferee of the Transfers as the Defendant received the wine and funds transferred directly from Premier Cru.

31. Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550, the Trustee is entitled to judgment avoiding and recovering the value of the 548 Transfers from the Defendant.

Case: 16-40050    Doc# 688    Filed: 01/05/18    Entered: 01/05/18 12:59:25    Page 9 of 27

**Count II – Actual Intent Voidable Transfer**
**Under California Civil Code § 3439.04(a)(1) et seq.; 11 U.S.C. §§ 544 and 550**
**(Wine and Cash Transfers)**

32.    The Trustee re-alleges and fully incorporates the allegations pleaded in the preceding paragraphs as if fully set forth herein.

33.    The Debtor presently has one or more creditors whose claim arose either before or after the transfers to the Defendant.

34.    Premier Cru transferred the 548 Transfers to the Defendant as detailed above.

35.    Premier Cru also transferred at least 84 additional bottles of wine to the Defendant during the 7 years prior to the Petition Date. (the "**Additional Wine Transfers"**).  The Additional Wine Transfers are more fully described in Exhibit B, which is attached hereto.

36.    The 548 Transfers and the Additional Wine Transfers (collectively, the "**Total Transfers**") were made within seven years of the Petition Date.

37.    The aggregate amount of the Total Transfers may be in excess of the above-stated amount, and the Trustee may amend his Complaint as and when additional transfers made as a part of the scheme are ascertained.

38.    The Total Transfers were made as a part of the fraud at Premier Cru.  Premier Cru entered into the underlying wine sales in furtherance of its fraudulent scheme.  Each of the transactions generated cash through the alleged "sale" of the wine to the Defendant.  These sham transactions provided Premier Cru with the funds it required to satisfy already existing obligations that were part of the fraudulent scheme.  Furthermore, Premier Cru entered into additional transactions with other customers at a later time that ultimately provided the company with the funds necessary to purchase wine for the Total Transfers.  This pattern of conduct of using new money to fund the fulfillment of earlier obligations constitutes a Ponzi scheme or similar fraud whereby funds received from later fraudulent transactions were used to fund prior obligations.

39.    Moreover, Fox's plea agreement evidences Premier Cru's intent to defraud its creditors through the fraudulent scheme.  Therefore, the Total Transfers were made with the actual intent to hinder, delay, or defraud entities to which Premier Cru was or became indebted to on or after the date of the transfer.

Case: 16-40050    Doc# 688    Filed: 01/05/18    Entered: 01/05/18 12:59:25    Page 10 of 27

40.     As stated above, there are a multitude of badges of fraud present with respect to the transactions with the Defendant. The existence and sheer number of the badges of fraud present in this matter indicate that Premier Cru intended to hinder, delay, or defraud its creditors in entering into and making the Total Transfers.

41.     Defendant was the initial transferee of the Total Transfers as the Defendant received the wine and funds transferred directly from Premier Cru.

42.     Pursuant to California Civil Code § 3439.04(a)(1) et seq. and 11 U.S.C. §§ 544 & 550, the Trustee is entitled to judgment avoiding and recovering the value of the Total Transfers from the Defendant.

**Count III – Actual Intent Fraudulent Transfer**
**Under 11 U.S.C. § 548(a)(1)(A)**
**(Obligations to the Defendant)**

43.     The Trustee re-alleges and fully incorporates the allegations pleaded in the preceding paragraphs as if fully set forth herein.

44.     The Debtor presently has one or more creditors whose claim arose either before or after the transfers to the Defendant.

45.     Premier Cru entered incurred obligations to transfer at least 4,411 bottles of wine to the Defendant in the two years prior to the Petition Date (the "**548 Obligations**"). The 548 Obligations are more fully described in Ex. C, which is attached hereto.

46.     The aggregate amount of the 548 Obligations may be in excess of the above-stated amount, and the Trustee may amend his Complaint as and when additional transfers made as a part of the scheme are ascertained.

47.     The 548 Obligations were incurred within two years of the Petition Date.

48.     The 548 Obligations were made as a part of the fraud at Premier Cru. Premier Cru entered into the underlying wine sales in furtherance of its fraudulent scheme. Each of the transactions generated cash through the alleged "sale" of the wine to the Defendant. These sham transactions provided Premier Cru with the funds it required to satisfy already existing obligations that were part of the fraudulent scheme. Furthermore, Premier Cru entered into additional

transactions with other customers at a later time that ultimately provided the company with the funds necessary to satisfy the 548 Obligations. This pattern of conduct of using new money to fund the fulfillment of earlier obligations constitutes a Ponzi scheme or similar fraud whereby funds received from later fraudulent transactions were used to fund prior obligations.

49. Moreover, Fox's plea agreement evidences Premier Cru's intent to defraud its creditors through the fraudulent scheme. Therefore, the 548 Obligations were incurred with the actual intent to hinder, delay, or defraud entities to which Premier Cru was or became indebted to on or after the date of the transfer.

50. As stated above, there are a multitude of badges of fraud present with respect to the transactions with the Defendant. The existence and sheer number of the badges of fraud present in this matter indicate that Premier Cru intended to hinder, delay, or defraud its creditors in entering into the sales and incurring the 548 Obligations.

51. Pursuant to 11 U.S.C. §§ 548(a)(1)(A), the Trustee is entitled to judgment avoiding the 548 Obligations.

**Count IV – Actual Intent Voidable Transfer**
**Under California Civil Code § 3439.04(a)(1) et seq.; 11 U.S.C. §§ 544 and 550**
**(Obligations to Defendant)**

52. The Trustee re-alleges and fully incorporates the allegations pleaded in the preceding paragraphs as if fully set forth herein.

53. The Debtor presently has one or more creditors whose claim arose either before or after the transfers to the Defendant.

54. Premier Cru incurred the 548 Obligations as detailed above.

55. Premier Cru also incurred obligations to the Defendant relating to 84 bottles of wine during the seven years prior to the Petition Date (the "**Additional Obligations**"). The Additional Obligations are more fully described in Exhibit D, which is attached hereto.

56. The 548 Obligations and the Additional Obligations (collectively, the "**Total Obligations**") were incurred within seven years of the Petition Date.

Case: 16-40050    Doc# 688    Filed: 01/05/18    Entered: 01/05/18 12:59:25    Page 12 of 27

57.     The aggregate amount of the Total Obligations may be in excess of the above-stated amount, and the Trustee may amend his Complaint as and when additional transfers made as a part of the scheme are ascertained.

58.     The Total Obligations were incurred as a part of the fraud at Premier Cru.  Premier Cru entered into the underlying wine sales in furtherance of its fraudulent scheme.  Each of the transactions generated cash through the alleged "sale" of the wine to the Defendant.  These sham transactions provided Premier Cru with the funds it required to satisfy already existing obligations that were part of the fraudulent scheme.  Furthermore, Premier Cru entered into additional transactions with other customers at a later time that ultimately provided the company with the funds necessary to satisfy the Total Obligations.  This pattern of conduct of using new money to fund the fulfillment of earlier obligations constitutes a Ponzi scheme or similar fraud whereby funds received from later fraudulent transactions were used to fund prior obligations.

59.     Moreover, Fox's plea agreement evidences Premier Cru's intent to defraud its creditors through the fraudulent scheme.  Therefore, the Total Obligations were incurred with the actual intent to hinder, delay, or defraud entities to which Premier Cru was or became indebted to on or after the date of the transfer.

60.     As stated above, there are a multitude of badges of fraud present with respect to the transactions with the Defendant.  The existence and sheer number of the badges of fraud present in this matter indicate that Premier Cru intended to hinder, delay, or defraud its creditors in entering into the sales and incurring the Total Obligations.

61.     Pursuant to California Civil Code § 3439.04(a)(1) et seq. and 11 U.S.C. §§ 544, the Trustee is entitled to judgment avoiding the Total Obligations.

### Count V – Constructive Fraudulent Transfer
### Under 11 U.S.C. § 548(a)(1)(B)
### (Wine and Cash Transfers)

62.     The Trustee re-alleges and fully incorporates the allegations pleaded in the preceding paragraphs as if fully set forth herein.

Case: 16-40050    Doc# 688    Filed: 01/05/18    Entered: 01/05/18 12:59:25    Page 13 of 27

63. The Debtor presently has one or more creditors whose claim arose either before or after the transfers to the Defendant.

64. Premier Cru made the 548 Transfers to the Defendant.

65. The aggregate amount of the 548 Transfers may be in excess of the above-stated amount, and the Trustee may amend his Complaint as and when additional transfers made as a part of the scheme are ascertained.

66. Premier Cru received less than reasonably equivalent value in exchange for the 548 Transfers.

67. The 548 Transfers were made at a time when Premier Cru (a) was insolvent; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (b) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

68. Defendant was the initial transferee of the 548 Transfers as the Defendant received the wine and funds transferred directly from Premier Cru.

69. Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550, the Trustee is entitled to judgment avoiding and recovering the value of the 548 Transfers from the Defendant.

**Count VI – Constructive Voidable Transfer**
**Under California Civil Code § 3439.04(a)(2) et seq.; 11 U.S.C. §§ 544 and 550**
**(Wine and Cash Transfers)**

70. The Trustee re-alleges and fully incorporates the allegations pleaded in the preceding paragraphs as if fully set forth herein.

71. The Debtor presently has one or more creditors whose claim arose either before or after the transfers to the Defendant.

72. Premier Cru made the Total Transfers to the Defendant.

73. The aggregate amount of the Total Transfers may be in excess of the above-stated amount, and the Trustee may amend his Complaint as and when additional transfers made as a part of the scheme are ascertained.

74.     Premier Cru received less than reasonably equivalent value in exchange for the Total Transfers.

75.     The Total Transfers were made at a time when Premier Cru (a) was insolvent and/or was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (b) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

76.     Defendant was the initial transferee of the Total Transfers as the Defendant received the wine and funds transferred directly from Premier Cru.

77.     Pursuant to California Civil Code § 3439.04(a)(2) et seq. and 11 U.S.C. §§ 544 and 550, the Trustee is entitled to judgment avoiding and recovering the value of the Total Transfers from the Defendant.

**Count VII – Constructive Fraudulent Transfer**
**Under 11 U.S.C. § 548(a)(1)(B)**
**(Obligations to Defendant)**

78.     The Trustee re-alleges and fully incorporates the allegations pleaded in the preceding paragraphs as if fully set forth herein.

79.     The Debtor presently has one or more creditors whose claim arose either before or after the transfers to the Defendant.

80.     Premier Cru incurred the 548 Obligations.

81.     The aggregate amount of the 548 Obligations may be in excess of the above-stated amount, and the Trustee may amend his Complaint as and when additional transfers made as a part of the scheme are ascertained.

82.     Premier Cru received less than reasonably equivalent value in exchange for the 548 Obligations.

83.     The 548 Obligations were incurred at a time when Premier Cru (a) was insolvent; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (b)

intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

84.     Pursuant to 11 U.S.C. §§ 548(a)(1)(B), the Trustee is entitled to judgment avoiding the 548 Obligations.

### Count VIII – Constructive Fraudulent Transfer
### Under California Civil Code § 3439.04(a)(2) et seq.; 11 U.S.C. §§ 544 and 550
### (Obligations to Defendant)

85.     The Trustee re-alleges and fully incorporates the allegations pleaded in the preceding paragraphs as if fully set forth herein.

86.     The Debtor presently has one or more creditors whose claim arose either before or after the transfers to the Defendant.

87.     Premier Cru incurred the Total Obligations.

88.     The aggregate amount of the Total Obligations may be in excess of the above-stated amount, and the Trustee may amend his Complaint as and when additional transfers made as a part of the scheme are ascertained.

89.     Premier Cru received less than reasonably equivalent value in exchange for the Total Obligations.

90.     The Total Obligations were incurred at a time when Premier Cru (a) was insolvent and/or was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (b) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

91.     Pursuant to California Civil Code § 3439.04(a)(2) et seq. and 11 U.S.C. § 544, the Trustee is entitled to judgment avoiding the value of the Total Obligations from the Defendant.

### PRAYER

Wherefore, the Trustee respectfully requests that the Court enter judgment and grant the following relief against the Defendant:

- Entering an order of judgment avoiding the Total Obligations and Total Transfers under 11 U.S.C. § 544 and California Civil Code 3439.04(a)(1);

Case: 16-40050    Doc# 688    Filed: 01/05/18    Entered: 01/05/18 12:59:25    Page 16 of 27

- Entering an order of judgment avoiding the Total Obligations and Total Transfers to the Defendant under 11 U.S.C. § 544 and California Civil Code 3439.04(a)(2);

- Entering an order of judgment avoiding the 548 Obligations and 548 Transfers to the Defendant under 11 U.S.C. § 548(a)(1)(A);

- Entering an order of judgment avoiding the 548 Obligations and 548 Transfers to the Defendant under 11 U.S.C. § 548(a)(1)(B);

- Entering an order permitting the Trustee to recover the value of the avoided transfers in an amount to be proven at trial;

- Prejudgment and post-judgment interest as allowed by law; and

- All other relief to which the Trustee is entitled.


Dated: January 5, 2018                          DIAMOND MCCARTHY LLP

                                                By:  _/s/ Kathy Bazoian Phelps_____
                                                KATHY BAZOIAN PHELPS
                                                Attorneys for Michael Kasolas, Chapter 7
                                                Trustee for Fox Ortega Enterprises, Inc.
                                                dba Premier Cru

**Exhibit A**

**548 Transfers**

| ShipDate | SalesOrder | Description | Qty Shipped | Unit Value | Total Value |
|---|---|---|---|---|---|
| 5/13/2014 | SO-0000444624 | 2010 Pape Clement | 60 | $ 213.68 | $ 12,820.80 |
| 5/13/2014 | SO-0000444624 | 2010 Troplong Mondot | 120 | $ 131.41 | $ 15,769.20 |
| 5/13/2014 | SO-0000444624 | 2010 Montrose | 60 | $ 193.65 | $ 11,618.85 |
| 5/13/2014 | SO-0000444624 | 2010 Lynch Bages | 60 | $ 133.55 | $ 8,013.00 |
| 5/30/2014 | SO-0000445345 | 2010 La Mission Haut Brion | 60 | $ 821.33 | $ 49,279.80 |
| 5/30/2014 | SO-0000445345 | 2010 Lafite Rothschild | 39 | $ 1,535.82 | $ 59,896.98 |
| 5/30/2014 | SO-0000445345 | 2010 Pontet Canet | 120 | $ 216.35 | $ 25,962.00 |
| 5/30/2014 | SO-0000445434 | 2010 La Mission Haut Brion | 24 | $ 821.33 | $ 19,711.92 |
| 5/30/2014 | SO-0000445434 | 09 La Mission Haut Brion | 24 | $ 721.17 | $ 17,308.08 |
| 5/30/2014 | SO-0000445345 | 09 Pavie | 36 | $ 267.10 | $ 9,615.60 |
| 5/30/2014 | SO-0000445434 | 2010 Pontet Canet | 48 | $ 216.35 | $ 10,384.80 |
| 5/30/2014 | SO-0000445434 | 2010 Cos d'Estournel | 36 | $ 247.07 | $ 8,894.52 |
| 5/30/2014 | SO-0000445434 | 2010 Leoville Poyferre | 48 | $ 113.52 | $ 5,448.96 |
| 5/30/2014 | SO-0000445434 | 09 Smith Haut Lafitte Rouge | 36 | $ 85.47 | $ 3,076.92 |
| 5/30/2014 | SO-0000445434 | 2010 Montrose | 12 | $ 193.65 | $ 2,323.77 |
| 6/18/2014 | SO-0000444981 | 2010 Pontet Canet | 60 | $ 216.35 | $ 12,981.00 |
| 6/18/2014 | SO-0000446417 | 2010 Pichon Lalande | 60 | $ 173.61 | $ 10,416.60 |
| 6/18/2014 | SO-0000444981 | 2010 Latour | 6 | $ 1,702.76 | $ 10,216.56 |
| 6/18/2014 | SO-0000444981 | 09 Pavie | 36 | $ 267.10 | $ 9,615.60 |
| 6/18/2014 | SO-0000444981 | 2010 Pape Clement | 60 | $ 213.68 | $ 12,820.80 |
| 6/18/2014 | SO-0000446497 | 2010 Beausejour Duffau | 24 | $ 387.29 | $ 9,294.96 |
| 6/18/2014 | SO-0000445345 | 2010 Lafite Rothschild | 9 | $ 1,535.82 | $ 13,822.38 |
| 6/18/2014 | SO-0000447626 | 2010 Ducru Beaucaillou | 36 | $ 200.32 | $ 7,211.52 |
| 6/18/2014 | SO-0000446417 | 2010 Leoville Poyferre | 60 | $ 113.52 | $ 6,811.20 |
| 6/18/2014 | SO-0000447626 | 09 Bellevue Mondot | 24 | $ 288.47 | $ 6,923.28 |
| 6/18/2014 | SO-0000446417 | 2010 Troplong Mondot | 36 | $ 131.41 | $ 4,730.76 |
| 6/24/2014 | SO-0000447717 | 2010 Ducru Beaucaillou | 24 | $ 200.32 | $ 4,807.68 |
| 6/24/2014 | SO-0000447717 | 2010 Haut Bailly | 24 | $ 118.86 | $ 2,852.63 |
| 6/24/2014 | SO-0000447717 | 2010 Clos Fourtet | 24 | $ 120.19 | $ 2,884.56 |
| 6/26/2014 | SO-0000448649 | 2010 Haut Brion | 60 | $ 881.43 | $ 52,885.80 |
| 6/26/2014 | SO-0000446417 | 2010 Mouton Rothschild | 5 | $ 974.91 | $ 4,874.55 |
| 8/11/2014 | SO-0000448621 | 09 Smith Haut Lafitte Rouge | 48 | $ 85.47 | $ 4,102.56 |
| 8/11/2014 | SO-0000448621 | 2010 Smith Haut Lafitte | 48 | $ 102.83 | $ 4,935.84 |
| 8/11/2014 | SO-0000448621 | 2011 Clos de la Roche V.V., Ponsot | 12 | $ 395.00 | $ 4,740.00 |
| 6/25/2015 | SO-0000446417 | 2010 Mouton Rothschild | 31 | $ 988.27 | $ 30,636.37 |
| 6/25/2015 | SO-0000447717 | 2010 Mouton Rothschild | 12 | $ 988.27 | $ 11,859.24 |
| 6/26/2015 | SO-0000446497 | 2010 Beausejour Duffau | 12 | $ 335.00 | $ 4,020.00 |
| 10/31/2015 | SO-0000492674 | 09 Haut Brion | 24 | $ 834.69 | $ 20,032.56 |
| 10/31/2015 | SO-0000492674 | 01 d'Yquem 1/2 | 48 | $ 313.06 | $ 15,026.88 |
| 10/31/2015 | SO-0000492674 | 09 La Conseillante | 24 | $ 207.00 | $ 4,968.00 |
| 10/31/2015 | SO-0000492674 | 2010 Le Dome | 36 | $ 120.19 | $ 4,326.84 |
| 10/31/2015 | SO-0000492674 | 2010 Leoville Poyferre | 24 | $ 126.87 | $ 3,044.88 |

| Date | SO Number | Description | Qty | | Unit Price | | Total |
|---|---|---|---|---|---|---|---|
| 10/31/2015 | SO-0000492674 | 09 Haut Bailly | 24 | $ | 125.54 | $ | 3,012.96 |
| 10/31/2015 | SO-0000492674 | 2010 Smith Haut Lafitte | 24 | $ | 102.83 | $ | 2,467.92 |
| 11/4/2015 | SO-0000493715 | 09 Haut Brion | 12 | $ | 834.69 | $ | 10,016.28 |
| 11/4/2015 | SO-0000493715 | 05 Margaux Magnum | 6 | $ | 1,500.00 | $ | 9,000.00 |
| 11/4/2015 | SO-0000493715 | 2012 Musigny V.V., Vogue | 12 | $ | 300.00 | $ | 3,600.00 |
| 11/4/2015 | SO-0000493715 | 09 Ducru Beaucaillou | 24 | $ | 220.36 | $ | 5,288.64 |
| 11/4/2015 | SO-0000493715 | 09 La Conseillante | 24 | $ | 207.00 | $ | 4,968.00 |
| 11/4/2015 | SO-0000493715 | 09 Leoville las Cases Magnum | 6 | $ | 576.94 | $ | 3,461.64 |
| 11/4/2015 | SO-0000493715 | 02 Dom Perignon | 24 | $ | 109.51 | $ | 2,628.24 |
| 11/4/2015 | SO-0000493715 | 2010 Leoville Poyferre | 24 | $ | 126.87 | $ | 3,044.88 |
| 11/4/2015 | SO-0000493715 | 2010 Le Dome | 24 | $ | 120.19 | $ | 2,884.56 |
| 11/4/2015 | SO-0000493715 | 2010 Haut Bailly | 24 | $ | 118.86 | $ | 2,852.64 |
| 11/4/2015 | SO-0000493715 | 2010 Troplong Mondot | 24 | $ | 110.00 | $ | 2,640.00 |
| 11/4/2015 | SO-0000493715 | 2010 Clos Fourtet | 24 | $ | 96.16 | $ | 2,307.84 |
| 11/4/2015 | SO-0000493715 | 09 Smith Haut Lafitte Rouge | 24 | $ | 82.80 | $ | 1,987.20 |
| 11/4/2015 | SO-0000493715 | 09 Haut Bailly | 12 | $ | 125.54 | $ | 1,506.48 |
| 11/4/2015 | SO-0000493715 | 2010 Smith Haut Lafitte | 12 | $ | 102.83 | $ | 1,233.96 |
| 11/20/2015 | SO-0000494399 | 09 Haut Brion | 12 | $ | 834.69 | $ | 10,016.28 |
| 11/20/2015 | SO-0000494399 | 2000 La Mission Haut Brion | 12 | $ | 615.00 | $ | 7,380.00 |
| 11/20/2015 | SO-0000494752 | 2000 La Mission Haut Brion | 12 | $ | 615.00 | $ | 7,380.00 |
| 11/20/2015 | SO-0000494399 | 03 Lafite Magnum | 3 | $ | 2,290.42 | $ | 6,871.26 |
| 11/20/2015 | SO-0000494399 | 04 Lafite Rothschild | 12 | $ | 561.46 | $ | 6,737.52 |
| 11/20/2015 | SO-0000494399 | 04 Latour Magnum | 6 | $ | 857.50 | $ | 5,145.00 |
| 11/20/2015 | SO-0000494399 | 08 Latour 3 Liter | 3 | $ | 1,469.05 | $ | 4,407.15 |
| 11/20/2015 | SO-0000494399 | 2000 Pavie | 12 | $ | 360.00 | $ | 4,320.00 |
| 11/20/2015 | SO-0000494399 | 86 d'Yquem | 12 | $ | 300.00 | $ | 3,600.00 |
| 11/20/2015 | SO-0000494399 | 09 Bellevue Mondot | 12 | $ | 288.47 | $ | 3,461.64 |
| 11/20/2015 | SO-0000494399 | 05 Pape Clement | 24 | $ | 153.13 | $ | 3,675.12 |
| 11/20/2015 | SO-0000494399 | 02 Clos de Tart | 12 | $ | 260.00 | $ | 3,120.00 |
| 11/20/2015 | SO-0000494752 | 2010 Leoville Poyferre | 24 | $ | 126.87 | $ | 3,044.88 |
| 11/20/2015 | SO-0000494399 | 2010 Leoville Poyferre | 24 | $ | 126.87 | $ | 3,044.88 |
| 11/20/2015 | SO-0000494399 | 05 Clos des Lambrays | 12 | $ | 120.00 | $ | 1,440.00 |
| 11/20/2015 | SO-0000494752 | 2010 Le Dome | 24 | $ | 120.19 | $ | 2,884.56 |
| 11/20/2015 | SO-0000494752 | 2010 Haut Bailly | 24 | $ | 118.86 | $ | 2,852.64 |
| 11/20/2015 | SO-0000494399 | 2010 Rauzan Segla | 24 | $ | 118.86 | $ | 2,852.64 |
| 11/20/2015 | SO-0000494399 | 2010 Smith Haut Lafitte | 24 | $ | 102.83 | $ | 2,467.92 |
| 11/20/2015 | SO-0000494752 | 2010 Clos Fourtet | 24 | $ | 96.16 | $ | 2,307.84 |
| 11/20/2015 | SO-0000494752 | 2010 Les Asteries | 24 | $ | 86.81 | $ | 2,083.44 |
| 11/20/2015 | SO-0000494752 | 09 Haut Bailly | 12 | $ | 125.54 | $ | 1,506.48 |
| 11/20/2015 | SO-0000494399 | 2010 Troplong Mondot | 12 | $ | 110.00 | $ | 1,320.00 |
| 11/20/2015 | SO-0000494399 | 2010 Smith Haut Lafitte | 12 | $ | 102.83 | $ | 1,233.96 |
| 11/20/2015 | SO-0000494752 | 2010 Smith Haut Lafitte | 12 | $ | 102.83 | $ | 1,233.96 |
| 11/20/2015 | SO-0000494399 | 05 Montrose | 12 | $ | 122.50 | $ | 1,470.00 |
| 11/20/2015 | SO-0000494399 | 2010 Clos Fourtet | 12 | $ | 96.16 | $ | 1,153.92 |
| 11/20/2015 | SO-0000494399 | 03 Leoville Poyferre | 12 | $ | 110.00 | $ | 1,320.00 |
| 12/3/2015 | SO-0000495582 | 01 Musigny VV, Vogue | 12 | $ | 423.00 | $ | 5,076.00 |
| 12/3/2015 | SO-0000495582 | 2012 Screaming Eagle | 3 | $ | 1,600.00 | $ | 4,800.00 |
| 12/3/2015 | SO-0000495582 | 2010 Haut Bailly | 24 | $ | 118.86 | $ | 2,852.64 |

| Date | SO Number | Description | Qty | | Unit Price | | Total |
|---|---|---|---|---|---|---|---|
| 12/3/2015 | SO-0000495582 | 06 Richebourg, Leroy | 1 | $ | 694.46 | $ | 694.46 |
| 12/3/2015 | SO-0000495582 | 06 Clos de la Roche, Leroy | 1 | $ | 691.72 | $ | 691.72 |
| 12/9/2015 | SO-0000495663 | 09 La Mission Haut Brion | 12 | $ | 921.49 | $ | 11,057.88 |
| 12/9/2015 | SO-0000495663 | 05 Chateauneuf Clos des Papes, Avril | 60 | $ | 95.76 | $ | 5,745.60 |
| 12/9/2015 | SO-0000495663 | 89 Clinet | 12 | $ | 453.75 | $ | 5,445.00 |
| 12/9/2015 | SO-0000495663 | 05 Hosanna | 36 | $ | 153.13 | $ | 5,512.68 |
| 12/9/2015 | SO-0000495663 | 07 Barolo Ciabot Mentin, Clerico | 60 | $ | 72.12 | $ | 4,327.20 |
| 12/9/2015 | SO-0000495663 | 2011 Screaming Eagle | 4 | $ | 1,200.00 | $ | 4,800.00 |
| 12/9/2015 | SO-0000495663 | 82 La Mission Haut Brion | 4 | $ | 640.00 | $ | 2,560.00 |
| 12/9/2015 | SO-0000495663 | 07 Tignanello, Antinori | 36 | $ | 73.45 | $ | 2,644.20 |
| 12/9/2015 | SO-0000495663 | 2010 Volnay Fremiets, Boillot | 48 | $ | 48.08 | $ | 2,307.84 |
| 12/9/2015 | SO-0000495663 | 99 Cristal | 12 | $ | 175.00 | $ | 2,100.00 |
| 12/17/2015 | SO-0000495785 | 07 Musigny, Leroy | 6 | $ | 3,338.75 | $ | 20,032.50 |
| 12/17/2015 | SO-0000495785 | 07 Clos de Beze, Rousseau | 12 | $ | 961.39 | $ | 11,536.68 |
| 12/17/2015 | SO-0000495785 | 2010 Clos Fourtet | 72 | $ | 96.16 | $ | 6,923.52 |
| 12/17/2015 | SO-0000495808 | 09 Ermitage Meal Rouge Magnu, Chapoutier | 12 | $ | 499.00 | $ | 5,988.00 |
| 12/17/2015 | SO-0000495785 | 2010 Leoville Poyferre | 36 | $ | 126.87 | $ | 4,567.32 |
| 12/17/2015 | SO-0000495785 | 2010 Chateauneuf Cuvee Impe, R. Usseglio | 60 | $ | 76.12 | $ | 4,567.20 |
| 12/17/2015 | SO-0000495785 | 03 Clos de la Roche V.V. Magnum, Ponsot | 6 | $ | 714.58 | $ | 4,287.48 |
| 12/17/2015 | SO-0000495808 | 08 Clos de la Roche V.V, Ponsot | 24 | $ | 154.92 | $ | 3,718.08 |
| 12/17/2015 | SO-0000495808 | 07 Assorted Case, Ponsot | 2 | $ | 1,625.04 | $ | 3,250.08 |
| 12/17/2015 | SO-0000495808 | 07 Beaucastel | 36 | $ | 60.00 | $ | 2,160.00 |
| 12/17/2015 | SO-0000495785 | 09 La Conseillante | 12 | $ | 207.00 | $ | 2,484.00 |
| 12/17/2015 | SO-0000495785 | 09 Le Plus La Fleur de Bouard | 24 | $ | 113.52 | $ | 2,724.48 |
| 12/17/2015 | SO-0000495785 | 09 Suduiraut | 36 | $ | 72.12 | $ | 2,596.32 |
| 12/17/2015 | SO-0000495785 | 2010 Branaire Ducru | 36 | $ | 65.44 | $ | 2,355.84 |
| 12/17/2015 | SO-0000495785 | 2010 Le Carre | 36 | $ | 60.10 | $ | 2,163.60 |
| 12/17/2015 | SO-0000495808 | 2010 Beaucastel | 36 | $ | 66.11 | $ | 2,379.96 |
| 12/17/2015 | SO-0000495785 | 2010 Bon Pasteur | 36 | $ | 59.30 | $ | 2,134.80 |
| 12/17/2015 | SO-0000495785 | 2010 d'Issan | 24 | $ | 65.44 | $ | 1,570.56 |
| 12/17/2015 | SO-0000495808 | 2010 Gigondas Hautes Garrigues, Santa Du | 36 | $ | 43.40 | $ | 1,562.40 |
| 12/17/2015 | SO-0000495785 | 09 Haut Bailly | 12 | $ | 125.54 | $ | 1,506.48 |
| 12/17/2015 | SO-0000495785 | 2010 Cantemerle | 36 | $ | 32.05 | $ | 1,153.80 |
| 12/21/2015 | SO-0000495842 | 2010 Chambertin, Rousseau | 6 | $ | 1,200.00 | $ | 7,200.00 |
| 12/21/2015 | SO-0000495842 | 05 Clos des Lambrays | 24 | $ | 120.00 | $ | 2,880.00 |
| 12/21/2015 | SO-0000495842 | 05 Romanee St Vivant, DRC | 4 | $ | 1,200.00 | $ | 4,800.00 |
| 12/21/2015 | SO-0000495842 | 99 Dom Perignon | 24 | $ | 110.92 | $ | 2,662.08 |
| 12/21/2015 | SO-0000495842 | 2010 Musigny, Mugnier | 3 | $ | 1,268.72 | $ | 3,806.16 |
| 12/21/2015 | SO-0000495842 | 2012 Bonnes Mares, Roumier | 3 | $ | 750.00 | $ | 2,250.00 |
| 12/21/2015 | SO-0000495842 | 2000 Pichon Lalande | 12 | $ | 224.58 | $ | 2,694.96 |
| 12/21/2015 | SO-0000495842 | 09 Chateauneuf Reservee, Pegau | 36 | $ | 60.10 | $ | 2,163.60 |
| 12/21/2015 | SO-0000495842 | 2010 Gigondas Hautes Garrigues, Santa Du | 36 | $ | 43.40 | $ | 1,562.40 |
| 12/21/2015 | SO-0000495842 | 2010 Dames de Montrose | 36 | $ | 40.06 | $ | 1,442.16 |
| 12/21/2015 | SO-0000495842 | 85 Salon | 3 | $ | 550.00 | $ | 1,650.00 |
| 12/21/2015 | SO-0000495842 | 2011 Taylor | 36 | $ | 57.00 | $ | 2,052.00 |
| 12/21/2015 | SO-0000495842 | 2012 Musigny, Roumier | 1 | $ | 6,100.00 | $ | 6,100.00 |
| 12/28/2015 | SO-0000495842 | 02 Lafite Rothschild | 12 | $ | 440.00 | $ | 5,280.00 |
| 12/28/2015 | SO-0000495842 | 04 Latour | 12 | $ | 428.75 | $ | 5,145.00 |

| Date | SO Number | Description | Qty | | Unit Price | | Total |
|---|---|---|---|---|---|---|---|
| 12/28/2015 | SO-0000495842 | 09 Suduiraut | 48 | $ | 72.12 | $ | 3,461.76 |
| 12/28/2015 | SO-0000495842 | 2010 Les Asteries | 36 | $ | 86.81 | $ | 3,125.16 |
| 12/28/2015 | SO-0000495842 | 2010 Chateauneuf Cuvee Impe, R. Usseglio | 36 | $ | 76.12 | $ | 2,740.32 |
| 12/28/2015 | SO-0000495842 | 07 Musigny V.V., Vogue | 6 | $ | 408.33 | $ | 2,449.98 |
| 12/28/2015 | SO-0000495842 | 07 Barolo Pajana, Clerico | 36 | $ | 66.11 | $ | 2,379.96 |
| 12/28/2015 | SO-0000495842 | 03 Leoville Poyferre | 12 | $ | 110.00 | $ | 1,320.00 |
| 12/28/2015 | SO-0000495842 | 09 Cantenac Brown | 24 | $ | 53.42 | $ | 1,282.08 |
| 12/28/2015 | SO-0000495842 | 77 Taylor | 12 | $ | 100.27 | $ | 1,203.24 |
| 12/28/2015 | SO-0000495842 | 2010 Cantemerle | 36 | $ | 32.05 | $ | 1,153.80 |
| 12/28/2015 | SO-0000495842 | 02 Pol Roger Blanc de Blancs | 24 | $ | 35.00 | $ | 840.00 |
| 12/28/2015 | SO-0000495842 | 2011 Fonseca | 36 | $ | 63.00 | $ | 2,268.00 |
| 12/28/2015 | SO-0000495842 | 2011 Fonseca 1/2 | 48 | $ | 31.00 | $ | 1,488.00 |
| 12/28/2015 | SO-0000495842 | 2011 Taylor 1/2 | 48 | $ | 29.00 | $ | 1,392.00 |
| 12/28/2015 | SO-0000495842 | 2011 Graham | 24 | $ | 55.00 | $ | 1,320.00 |
| 12/28/2015 | SO-0000495842 | 2011 Dow 1/2 | 48 | $ | 55.00 | $ | 2,640.00 |
| 12/30/2015 | SO-0000495889 | 2012 Chateauneuf Reservee, Pegau | 120 | $ | 50.00 | $ | 6,000.00 |
| 12/30/2015 | SO-0000495889 | 2010 Solaia, Antinori | 24 | $ | 166.94 | $ | 4,006.56 |
| 12/30/2015 | SO-0000495889 | 2000 Taittinger Comtes Champagne Blanc | 36 | $ | 90.81 | $ | 3,269.16 |
| 12/30/2015 | SO-0000495889 | 09 Cornas, Clape | 12 | $ | 126.87 | $ | 1,522.44 |
| 1/5/2016 | SO-000495915 | 97 Cheval Blanc | 7 | $ | 350.00 | $ | 2,450.00 |
| 1/5/2016 | SO-000495915 | 03 Carruades de Lafite | 2 | $ | 200.00 | $ | 400.00 |
| 1/5/2016 | SO-000495915 | 03 Forts de Latour | 6 | $ | 230.00 | $ | 1,380.00 |
| 1/5/2016 | SO-000495915 | 05 Chateauneuf Combe des , Clos St Jean | 4 | $ | 100.00 | $ | 400.00 |
| 1/5/2016 | SO-000495915 | 05 Clos Fourtet | 12 | $ | 210.00 | $ | 2,520.00 |
| 1/5/2016 | SO-000495915 | 05 Clos l'Eglise (Pomerol) | 6 | $ | 170.00 | $ | 1,020.00 |
| 1/5/2016 | SO-000495915 | 05 Hermitage Ex Voto, Guigal | 3 | $ | 370.00 | $ | 1,110.00 |
| 1/5/2016 | SO-000495915 | 05 Marojallia | 16 | $ | 125.00 | $ | 2,000.00 |
| 1/5/2016 | SO-000495915 | 06 Brunello di Montalcino, Pacenti | 12 | $ | 60.00 | $ | 720.00 |
| 1/5/2016 | SO-000495915 | 07 Hermitage Rouge Ex Voto, Guigal | 6 | $ | 380.00 | $ | 2,280.00 |
| 1/5/2016 | SO-000495915 | 07 Brunello di Montalcino, Pacenti | 12 | $ | 60.00 | $ | 720.00 |
| 1/5/2016 | SO-000495915 | 07 Chateauneuf du Pape, Charvin | 12 | $ | 95.00 | $ | 1,140.00 |
| 1/5/2016 | SO-000495915 | 07 Chateauneuf V.V., Janasse | 18 | $ | 280.00 | $ | 5,040.00 |
| 1/5/2016 | SO-000495915 | 07 Corton Charlemagne, Boillot | 9 | $ | 210.00 | $ | 1,890.00 |
| 1/5/2016 | SO-000495915 | 08 Ducru 3 Liter | 2 | $ | 360.00 | $ | 720.00 |
| 1/5/2016 | SO-000495915 | 08 Hosanna | 12 | $ | 180.00 | $ | 2,160.00 |
| 1/5/2016 | SO-000495915 | 08 Troplong Mondot Magnum | 5 | $ | 240.00 | $ | 1,200.00 |
| 1/5/2016 | SO-000495915 | 09 Clos de Tart | 2 | $ | 450.00 | $ | 900.00 |
| 1/5/2016 | SO-000495915 | 09 Clos Vougeot, Prieur | 3 | $ | 180.00 | $ | 540.00 |
| 1/5/2016 | SO-000495915 | 09 Volnay Taillepieds, Bouchard | 12 | $ | 65.00 | $ | 780.00 |
| 1/5/2016 | SO-000495915 | 2010 Chateauneuf Combes de, Clos St Jean | 2 | $ | 110.00 | $ | 220.00 |
| 1/5/2016 | SO-000495915 | 2010 Chateauneuf Deux Frere, P. Usseglio | 11 | $ | 190.00 | $ | 2,090.00 |
| 1/5/2016 | SO-000495915 | 2011 Clos Vougeot, Faiveley | 5 | $ | 170.00 | $ | 850.00 |
| 1/5/2016 | SO-000495915 | 2012 Chateauneuf Reservee Magnum, Pegau | 9 | $ | 160.00 | $ | 1,440.00 |
| | | | **4,411** | | | **$** | **981,999.72** |

**Exhibit B**

**Additional Wine Transfers**

| ShipDate | SalesOrder | Description | Qty Shipped | Unit Value | Total Value |
|---|---|---|---|---|---|
| 10/6/2009 | SO-0000325412 | 82 Lafite | 2 | $ 2,200.00 | $ 4,400.00 |
| 11/4/2009 | SO-0000326873 | 82 Lafite | 2 | $ 2,200.00 | $ 4,400.00 |
| 11/12/2009 | SO-0000327408 | 85 Margaux | 5 | $ 300.00 | $ 1,500.00 |
| 11/30/2009 | SO-0000329017 | 82 Grange Hermitage | 2 | $ 289.67 | $ 579.33 |
| 11/30/2009 | SO-0000329017 | 86 Grange Hermitage | 2 | $ 200.00 | $ 400.00 |
| 11/30/2009 | SO-0000329019 | 87 Dunn Howell Cab | 4 | $ 100.00 | $ 400.00 |
| 2/8/2010 | SO-0000332770 | 82 Lafite | 3 | $ 2,200.00 | $ 6,600.00 |
| 6/15/2010 | SO-0000338463 | 82 Lafite (BN - corroded cap) | 1 | $ 2,050.00 | $ 2,050.00 |
| 5/20/2011 | SO-0000356205 | 89 Haut Brion | 1 | $ 1,200.00 | $ 1,200.00 |
| 9/19/2011 | SO-0000362963 | 2000 Mouton Magnum | 2 | $ 1,700.00 | $ 3,400.00 |
| 2/12/2012 | SO-0000373497 | 08 Latour A Pomerol | 60 | $ 69.00 | $ 4,140.00 |
| | | | **84** | | **$ 29,069.33** |

**Exhibit C**

**548 Obligations**

| Sales Order | Sales Order Date | Description | Quantity | Unit Price | Total Price |
|---|---|---|---|---|---|
| SO-0000444624 | 5/10/2014 | 2010 Pape Clement | 60 | $ 145.00 | $ 8,700.00 |
| SO-0000444624 | 5/10/2014 | 2010 Troplong Mondot | 120 | $ 100.00 | $ 12,000.00 |
| SO-0000444624 | 5/10/2014 | 2010 Montrose | 60 | $ 145.00 | $ 8,700.00 |
| SO-0000444624 | 5/10/2014 | 2010 Lynch Bages | 60 | $ 120.00 | $ 7,200.00 |
| SO-0000444981 | 5/15/2014 | 2010 Pontet Canet | 60 | $ 145.00 | $ 8,700.00 |
| SO-0000444981 | 5/15/2014 | 09 Pavie | 36 | $ 225.00 | $ 8,100.00 |
| SO-0000444981 | 5/15/2014 | 2010 Pape Clement | 60 | $ 145.00 | $ 8,700.00 |
| SO-0000445345 | 5/20/2014 | 2010 La Mission Haut Brion | 60 | $ 399.99 | $ 23,999.40 |
| SO-0000445345 | 5/20/2014 | 2010 Lafite Rothschild | 39 | $ 699.99 | $ 27,299.61 |
| SO-0000445345 | 5/20/2014 | 2010 Pontet Canet | 120 | $ 145.00 | $ 17,400.00 |
| SO-0000445345 | 5/20/2014 | 09 Pavie | 36 | $ 225.00 | $ 8,100.00 |
| SO-0000445345 | 5/20/2014 | 2010 Lafite Rothschild | 9 | $ 699.99 | $ 6,299.91 |
| SO-0000445434 | 5/22/2014 | 2010 La Mission Haut Brion | 24 | $ 399.99 | $ 9,599.76 |
| SO-0000445434 | 5/22/2014 | 09 La Mission Haut Brion | 24 | $ 499.99 | $ 11,999.76 |
| SO-0000445434 | 5/22/2014 | 2010 Pontet Canet | 48 | $ 145.00 | $ 6,960.00 |
| SO-0000445434 | 5/22/2014 | 2010 Cos d'Estournel | 36 | $ 159.99 | $ 5,759.64 |
| SO-0000445434 | 5/22/2014 | 2010 Leoville Poyferre | 48 | $ 100.00 | $ 4,800.00 |
| SO-0000445434 | 5/22/2014 | 09 Smith Haut Lafitte Rouge | 36 | $ 149.99 | $ 5,399.64 |
| SO-0000445434 | 5/22/2014 | 2010 Montrose | 12 | $ 145.00 | $ 1,740.00 |
| SO-0000446417 | 6/3/2014 | 2010 Mouton Rothschild | 31 | $ 499.99 | $ 15,499.69 |
| SO-0000446417 | 6/3/2014 | 2010 Pichon Lalande | 60 | $ 125.00 | $ 7,500.00 |
| SO-0000446417 | 6/3/2014 | 2010 Latour | 6 | $ 899.99 | $ 5,399.94 |
| SO-0000446417 | 6/3/2014 | 2010 Leoville Poyferre | 60 | $ 100.00 | $ 6,000.00 |
| SO-0000446417 | 6/3/2014 | 2010 Troplong Mondot | 36 | $ 110.00 | $ 3,960.00 |
| SO-0000446417 | 6/3/2014 | 2010 Mouton Rothschild | 5 | $ 499.99 | $ 2,499.95 |
| SO-0000446497 | 6/4/2014 | 2010 Beausejour Duffau | 24 | $ 200.00 | $ 4,800.00 |
| SO-0000446497 | 6/4/2014 | 2010 Beausejour Duffau | 12 | $ 200.00 | $ 2,400.00 |
| SO-0000447626 | 6/16/2014 | 2010 Ducru Beaucaillou | 36 | $ 152.49 | $ 5,489.64 |
| SO-0000447626 | 6/16/2014 | 09 Bellevue Mondot | 24 | $ 202.50 | $ 4,860.00 |
| SO-0000447717 | 6/18/2014 | 2010 Mouton Rothschild | 12 | $ 502.49 | $ 6,029.88 |
| SO-0000447717 | 6/18/2014 | 2010 Ducru Beaucaillou | 24 | $ 152.49 | $ 3,659.76 |
| SO-0000447717 | 6/18/2014 | 2010 Haut Bailly | 24 | $ 102.50 | $ 2,460.00 |
| SO-0000447717 | 6/18/2014 | 2010 Clos Fourtet | 24 | $ 112.50 | $ 2,700.00 |
| SO-0000448621 | 6/30/2014 | 09 Smith Haut Lafitte Rouge | 48 | $ 152.49 | $ 7,319.52 |
| SO-0000448621 | 6/30/2014 | 2010 Smith Haut Lafitte | 48 | $ 77.50 | $ 3,720.00 |
| SO-0000448621 | 6/30/2014 | 2011 Clos de la Roche V.V., Ponsot | 12 | $ 327.50 | $ 3,930.00 |
| SO-0000448649 | 7/1/2014 | 2010 Haut Brion | 60 | $ 602.49 | $ 36,149.40 |
| SO-0000492674 | 10/21/2015 | 09 Haut Brion | 24 | $ 541.67 | $ 13,000.08 |
| SO-0000492674 | 10/21/2015 | 01 d'Yquem 1/2 | 48 | $ 158.33 | $ 7,599.84 |
| SO-0000492674 | 10/21/2015 | 09 La Conseillante | 24 | $ 125.00 | $ 3,000.00 |
| SO-0000492674 | 10/21/2015 | 2010 Le Dome | 36 | $ 141.67 | $ 5,100.12 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SO-0000492674 | 10/21/2015 | 2010 Leoville Poyferre | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000492674 | 10/21/2015 | 09 Haut Bailly | 24 | $ | 133.33 | $ | 3,199.92 |
| SO-0000492674 | 10/21/2015 | 2010 Smith Haut Lafitte | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000493715 | 11/3/2015 | 09 Haut Brion | 12 | $ | 541.67 | $ | 6,500.04 |
| SO-0000493715 | 11/3/2015 | 05 Margaux Magnum | 6 | $ | 1,000.00 | $ | 6,000.00 |
| SO-0000493715 | 11/3/2015 | 2012 Musigny V.V., Vogue | 12 | $ | 375.00 | $ | 4,500.00 |
| SO-0000493715 | 11/3/2015 | 09 Ducru Beaucaillou | 24 | $ | 158.33 | $ | 3,799.92 |
| SO-0000493715 | 11/3/2015 | 09 La Conseillante | 24 | $ | 133.33 | $ | 3,199.92 |
| SO-0000493715 | 11/3/2015 | 09 Leoville las Cases Magnum | 6 | $ | 333.33 | $ | 1,999.98 |
| SO-0000493715 | 11/3/2015 | 02 Dom Perignon | 24 | $ | 116.67 | $ | 2,800.08 |
| SO-0000493715 | 11/3/2015 | 2010 Leoville Poyferre | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000493715 | 11/3/2015 | 2010 Le Dome | 24 | $ | 141.67 | $ | 3,400.08 |
| SO-0000493715 | 11/3/2015 | 2010 Haut Bailly | 24 | $ | 83.33 | $ | 1,999.92 |
| SO-0000493715 | 11/3/2015 | 2010 Troplong Mondot | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000493715 | 11/3/2015 | 2010 Clos Fourtet | 24 | $ | 83.33 | $ | 1,999.92 |
| SO-0000493715 | 11/3/2015 | 09 Smith Haut Lafitte Rouge | 24 | $ | 150.00 | $ | 3,600.00 |
| SO-0000493715 | 11/3/2015 | 09 Haut Bailly | 12 | $ | 133.33 | $ | 1,599.96 |
| SO-0000493715 | 11/3/2015 | 2010 Smith Haut Lafitte | 12 | $ | 100.00 | $ | 1,200.00 |
| SO-0000494752 | 11/9/2015 | 2000 La Mission Haut Brion | 12 | $ | 450.00 | $ | 5,400.00 |
| SO-0000494752 | 11/9/2015 | 2010 Leoville Poyferre | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000494752 | 11/9/2015 | 2010 Le Dome | 24 | $ | 190.00 | $ | 4,560.00 |
| SO-0000494752 | 11/9/2015 | 2010 Haut Bailly | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000494752 | 11/9/2015 | 2010 Clos Fourtet | 24 | $ | 110.00 | $ | 2,640.00 |
| SO-0000494752 | 11/9/2015 | 2010 Les Asteries | 24 | $ | 80.00 | $ | 1,920.00 |
| SO-0000494752 | 11/9/2015 | 09 Haut Bailly | 12 | $ | 160.00 | $ | 1,920.00 |
| SO-0000494752 | 11/9/2015 | 2010 Smith Haut Lafitte | 12 | $ | 100.00 | $ | 1,200.00 |
| SO-0000494399 | 11/10/2015 | 09 Haut Brion | 12 | $ | 541.67 | $ | 6,500.04 |
| SO-0000494399 | 11/10/2015 | 2000 La Mission Haut Brion | 12 | $ | 416.67 | $ | 5,000.04 |
| SO-0000494399 | 11/10/2015 | 03 Lafite Magnum | 3 | $ | 1,000.00 | $ | 3,000.00 |
| SO-0000494399 | 11/10/2015 | 04 Lafite Rothschild | 12 | $ | 333.33 | $ | 3,999.96 |
| SO-0000494399 | 11/10/2015 | 04 Latour Magnum | 6 | $ | 666.67 | $ | 4,000.02 |
| SO-0000494399 | 11/10/2015 | 08 Latour 3 Liter | 3 | $ | 1,666.67 | $ | 5,000.01 |
| SO-0000494399 | 11/10/2015 | 2000 Pavie | 12 | $ | 250.00 | $ | 3,000.00 |
| SO-0000494399 | 11/10/2015 | 86 d'Yquem | 12 | $ | 208.33 | $ | 2,499.96 |
| SO-0000494399 | 11/10/2015 | 09 Bellevue Mondot | 12 | $ | 208.33 | $ | 2,499.96 |
| SO-0000494399 | 11/10/2015 | 05 Pape Clement | 24 | $ | 83.33 | $ | 1,999.92 |
| SO-0000494399 | 11/10/2015 | 02 Clos de Tart | 12 | $ | 208.33 | $ | 2,499.96 |
| SO-0000494399 | 11/10/2015 | 2010 Leoville Poyferre | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000494399 | 11/10/2015 | 05 Clos des Lambrays | 12 | $ | 100.00 | $ | 1,200.00 |
| SO-0000494399 | 11/10/2015 | 2010 Rauzan Segla | 24 | $ | 83.33 | $ | 1,999.92 |
| SO-0000494399 | 11/10/2015 | 2010 Smith Haut Lafitte | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000494399 | 11/10/2015 | 2010 Troplong Mondot | 12 | $ | 100.00 | $ | 1,200.00 |
| SO-0000494399 | 11/10/2015 | 2010 Smith Haut Lafitte | 12 | $ | 83.33 | $ | 999.96 |
| SO-0000494399 | 11/10/2015 | 05 Montrose | 12 | $ | 100.00 | $ | 1,200.00 |
| SO-0000494399 | 11/10/2015 | 2010 Clos Fourtet | 12 | $ | 83.33 | $ | 999.96 |
| SO-0000494399 | 11/10/2015 | 03 Leoville Poyferre | 12 | $ | 116.67 | $ | 1,400.04 |
| SO-0000495663 | 12/3/2015 | 09 La Mission Haut Brion | 12 | $ | 400.00 | $ | 4,800.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SO-0000495663 | 12/3/2015 | 05 Chateauneuf Clos des Papes, Avril | 60 | $ | 75.00 | $ | 4,500.00 |
| SO-0000495663 | 12/3/2015 | 89 Clinet | 12 | $ | 375.00 | $ | 4,500.00 |
| SO-0000495582 | 12/3/2015 | 01 Musigny VV, Vogue | 12 | $ | 400.00 | $ | 4,800.00 |
| SO-0000495663 | 12/3/2015 | 05 Hosanna | 36 | $ | 130.00 | $ | 4,680.00 |
| SO-0000495582 | 12/3/2015 | 2012 Screaming Eagle | 3 | $ | 2,000.00 | $ | 6,000.00 |
| SO-0000495663 | 12/3/2015 | 07 Barolo Ciabot Mentin, Clerico | 60 | $ | 70.00 | $ | 4,200.00 |
| SO-0000495663 | 12/3/2015 | 2011 Screaming Eagle | 4 | $ | 1,300.00 | $ | 5,200.00 |
| SO-0000495663 | 12/3/2015 | 82 La Mission Haut Brion | 4 | $ | 600.00 | $ | 2,400.00 |
| SO-0000495582 | 12/3/2015 | 2010 Haut Bailly | 24 | $ | 100.00 | $ | 2,400.00 |
| SO-0000495663 | 12/3/2015 | 07 Tignanello, Antinori | 36 | $ | 74.00 | $ | 2,664.00 |
| SO-0000495663 | 12/3/2015 | 2010 Volnay Fremiets, Boillot | 48 | $ | 50.00 | $ | 2,400.00 |
| SO-0000495663 | 12/3/2015 | 99 Cristal | 12 | $ | 200.00 | $ | 2,400.00 |
| SO-0000495582 | 12/3/2015 | 06 Richebourg, Leroy | 1 | $ | 900.00 | $ | 900.00 |
| SO-0000495582 | 12/3/2015 | 06 Clos de la Roche, Leroy | 1 | $ | 800.00 | $ | 800.00 |
| SO-0000495785 | 12/14/2015 | 07 Musigny, Leroy | 6 | $ | 2,000.00 | $ | 12,000.00 |
| SO-0000495785 | 12/14/2015 | 07 Clos de Beze, Rousseau | 12 | $ | 375.00 | $ | 4,500.00 |
| SO-0000495785 | 12/14/2015 | 2010 Clos Fourtet | 72 | $ | 66.67 | $ | 4,800.24 |
| SO-0000495785 | 12/14/2015 | 2010 Leoville Poyferre | 36 | $ | 83.33 | $ | 2,999.88 |
| SO-0000495785 | 12/14/2015 | 2010 Chateauneuf Cuvee Impe, R. Usseglio | 60 | $ | 54.17 | $ | 3,250.20 |
| SO-0000495785 | 12/14/2015 | 03 Clos de la Roche V.V. Magnum, Ponsot | 6 | $ | 500.00 | $ | 3,000.00 |
| SO-0000495785 | 12/14/2015 | 09 La Conseillante | 12 | $ | 108.33 | $ | 1,299.96 |
| SO-0000495785 | 12/14/2015 | 09 Le Plus La Fleur de Bouard | 24 | $ | 66.67 | $ | 1,600.08 |
| SO-0000495785 | 12/14/2015 | 09 Suduiraut | 36 | $ | 37.50 | $ | 1,350.00 |
| SO-0000495785 | 12/14/2015 | 2010 Branaire Ducru | 36 | $ | 25.00 | $ | 900.00 |
| SO-0000495785 | 12/14/2015 | 2010 Le Carre | 36 | $ | 37.50 | $ | 1,350.00 |
| SO-0000495785 | 12/14/2015 | 2010 Bon Pasteur | 36 | $ | 29.17 | $ | 1,050.12 |
| SO-0000495785 | 12/14/2015 | 2010 d'Issan | 24 | $ | 31.25 | $ | 750.00 |
| SO-0000495785 | 12/14/2015 | 09 Haut Bailly | 12 | $ | 108.33 | $ | 1,299.96 |
| SO-0000495785 | 12/14/2015 | 2010 Cantemerle | 36 | $ | 25.00 | $ | 900.00 |
| SO-000495915 | 12/14/2015 | 97 Cheval Blanc | 7 | $ | 175.00 | $ | 1,225.00 |
| SO-000495915 | 12/14/2015 | 03 Carruades de Lafite | 2 | $ | 100.00 | $ | 200.00 |
| SO-000495915 | 12/14/2015 | 03 Forts de Latour | 6 | $ | 125.00 | $ | 750.00 |
| SO-000495915 | 12/14/2015 | 05 Chateauneuf Combe des , Clos St Jean | 4 | $ | 75.00 | $ | 300.00 |
| SO-000495915 | 12/14/2015 | 05 Clos Fourtet | 12 | $ | 75.00 | $ | 900.00 |
| SO-000495915 | 12/14/2015 | 05 Clos l'Eglise (Pomerol) | 6 | $ | 80.00 | $ | 480.00 |
| SO-000495915 | 12/14/2015 | 05 Hermitage Ex Voto, Guigal | 3 | $ | 100.00 | $ | 300.00 |
| SO-000495915 | 12/14/2015 | 05 Marojallia | 16 | $ | 85.00 | $ | 1,360.00 |
| SO-000495915 | 12/14/2015 | 06 Brunello di Montalcino, Pacenti | 12 | $ | 50.00 | $ | 600.00 |
| SO-000495915 | 12/14/2015 | 07 Hermitage Rouge Ex Voto, Guigal | 6 | $ | 125.00 | $ | 750.00 |
| SO-000495915 | 12/14/2015 | 07 Brunello di Montalcino, Pacenti | 12 | $ | 40.00 | $ | 480.00 |
| SO-000495915 | 12/14/2015 | 07 Chateauneuf du Pape, Charvin | 12 | $ | 40.00 | $ | 480.00 |
| SO-000495915 | 12/14/2015 | 07 Chateauneuf V.V., Janasse | 18 | $ | 125.00 | $ | 2,250.00 |
| SO-000495915 | 12/14/2015 | 07 Corton Charlemagne, Boillot | 9 | $ | 75.00 | $ | 675.00 |
| SO-000495915 | 12/14/2015 | 08 Ducru 3 Liter | 2 | $ | 300.00 | $ | 600.00 |
| SO-000495915 | 12/14/2015 | 08 Hosanna | 12 | $ | 75.00 | $ | 900.00 |
| SO-000495915 | 12/14/2015 | 08 Troplong Mondot Magnum | 5 | $ | 100.00 | $ | 500.00 |
| SO-000495915 | 12/14/2015 | 09 Clos de Tart | 2 | $ | 150.00 | $ | 300.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SO-000495915 | 12/14/2015 | 09 Clos Vougeot, Prieur | 3 | $ | 100.00 | $ | 300.00 |
| SO-000495915 | 12/14/2015 | 09 Volnay Taillepieds, Bouchard | 12 | $ | 40.00 | $ | 480.00 |
| SO-000495915 | 12/14/2015 | 2010 Chateauneuf Combes de, Clos St Jean | 2 | $ | 100.00 | $ | 200.00 |
| SO-000495915 | 12/14/2015 | 2010 Chateauneuf Deux Frere, P. Usseglio | 11 | $ | 75.00 | $ | 825.00 |
| SO-000495915 | 12/14/2015 | 2011 Clos Vougeot, Faiveley | 5 | $ | 50.00 | $ | 250.00 |
| SO-000495915 | 12/14/2015 | 2012 Chateauneuf Reservee Magnum, Pegau | 9 | $ | 90.00 | $ | 810.00 |
| SO-0000495808 | 12/16/2015 | 09 Ermitage Meal Rouge Magnu, Chapoutier | 12 | $ | 300.00 | $ | 3,600.00 |
| SO-0000495808 | 12/16/2015 | 08 Clos de la Roche V.V, Ponsot | 24 | $ | 150.00 | $ | 3,600.00 |
| SO-0000495808 | 12/16/2015 | 07 Assorted Case, Ponsot | 2 | $ | 1,800.00 | $ | 3,600.00 |
| SO-0000495808 | 12/16/2015 | 07 Beaucastel | 36 | $ | 37.50 | $ | 1,350.00 |
| SO-0000495808 | 12/16/2015 | 2010 Beaucastel | 36 | $ | 33.33 | $ | 1,199.88 |
| SO-0000495808 | 12/16/2015 | 2010 Gigondas Hautes Garrigues, Santa Du | 36 | $ | 31.25 | $ | 1,125.00 |
| SO-0000495842 | 12/21/2015 | 02 Lafite Rothschild | 12 | $ | 250.00 | $ | 3,000.00 |
| SO-0000495842 | 12/21/2015 | 2010 Chambertin, Rousseau | 6 | $ | 600.00 | $ | 3,600.00 |
| SO-0000495842 | 12/21/2015 | 05 Clos des Lambrays | 24 | $ | 75.00 | $ | 1,800.00 |
| SO-0000495842 | 12/21/2015 | 04 Latour | 12 | $ | 250.00 | $ | 3,000.00 |
| SO-0000495842 | 12/21/2015 | 05 Romanee St Vivant, DRC | 4 | $ | 900.00 | $ | 3,600.00 |
| SO-0000495842 | 12/21/2015 | 09 Suduiraut | 48 | $ | 37.50 | $ | 1,800.00 |
| SO-0000495842 | 12/21/2015 | 2010 Les Asteries | 36 | $ | 31.25 | $ | 1,125.00 |
| SO-0000495842 | 12/21/2015 | 2010 Chateauneuf Cuvee Impe, R. Usseglio | 36 | $ | 54.17 | $ | 1,950.12 |
| SO-0000495842 | 12/21/2015 | 99 Dom Perignon | 24 | $ | 66.67 | $ | 1,600.08 |
| SO-0000495842 | 12/21/2015 | 07 Musigny V.V., Vogue | 6 | $ | 350.00 | $ | 2,100.00 |
| SO-0000495842 | 12/21/2015 | 07 Barolo Pajana, Clerico | 36 | $ | 37.50 | $ | 1,350.00 |
| SO-0000495842 | 12/21/2015 | 2010 Musigny, Mugnier | 3 | $ | 700.00 | $ | 2,100.00 |
| SO-0000495842 | 12/21/2015 | 2012 Bonnes Mares, Roumier | 3 | $ | 600.00 | $ | 1,800.00 |
| SO-0000495842 | 12/21/2015 | 2000 Pichon Lalande | 12 | $ | 116.67 | $ | 1,400.04 |
| SO-0000495842 | 12/21/2015 | 09 Chateauneuf Reservee, Pegau | 36 | $ | 31.25 | $ | 1,125.00 |
| SO-0000495842 | 12/21/2015 | 03 Leoville Poyferre | 12 | $ | 100.00 | $ | 1,200.00 |
| SO-0000495842 | 12/21/2015 | 2010 Gigondas Hautes Garrigues, Santa Du | 36 | $ | 31.25 | $ | 1,125.00 |
| SO-0000495842 | 12/21/2015 | 2010 Dames de Montrose | 36 | $ | 29.17 | $ | 1,050.12 |
| SO-0000495842 | 12/21/2015 | 09 Cantenac Brown | 24 | $ | 33.33 | $ | 799.92 |
| SO-0000495842 | 12/21/2015 | 77 Taylor | 12 | $ | 83.33 | $ | 999.96 |
| SO-0000495842 | 12/21/2015 | 2010 Cantemerle | 36 | $ | 29.17 | $ | 1,050.12 |
| SO-0000495842 | 12/21/2015 | 85 Salon | 3 | $ | 250.00 | $ | 750.00 |
| SO-0000495842 | 12/21/2015 | 02 Pol Roger Blanc de Blancs | 24 | $ | 41.67 | $ | 1,000.08 |
| SO-0000495842 | 12/21/2015 | 2011 Fonseca | 36 | $ | 35.42 | $ | 1,275.12 |
| SO-0000495842 | 12/21/2015 | 2011 Fonseca 1/2 | 48 | $ | 18.75 | $ | 900.00 |
| SO-0000495842 | 12/21/2015 | 2011 Taylor | 36 | $ | 37.50 | $ | 1,350.00 |
| SO-0000495842 | 12/21/2015 | 2011 Taylor 1/2 | 48 | $ | 18.75 | $ | 900.00 |
| SO-0000495842 | 12/21/2015 | 2011 Graham | 24 | $ | 35.42 | $ | 850.08 |
| SO-0000495842 | 12/21/2015 | 2011 Dow 1/2 | 48 | $ | 18.75 | $ | 900.00 |
| SO-0000495842 | 12/21/2015 | 2012 Musigny, Roumier | 1 | $ | 2,500.00 | $ | 2,500.00 |
| SO-0000495889 | 12/28/2015 | 2012 Chateauneuf Reservee, Pegau | 120 | $ | 33.33 | $ | 3,999.60 |
| SO-0000495889 | 12/28/2015 | 2010 Solaia, Antinori | 24 | $ | 108.33 | $ | 2,599.92 |
| SO-0000495889 | 12/28/2015 | 2000 Taittinger Comtes Champagne Blanc | 36 | $ | 75.00 | $ | 2,700.00 |
| SO-0000495889 | 12/28/2015 | 09 Cornas, Clape | 12 | $ | 83.33 | $ | 999.96 |
| | | | **4,411** | | | **$ 658,559.47** |

**Exhibit D**

**Additional Obligations**

| Sales Order | Sales Order Date | Description | Quantity | Unit Price | Total Price |
|---|---|---|---|---|---|
| SO-0000325412 | 10/3/2009 | 82 Lafite | 2 | $ 2,800.00 | $ 5,600.00 |
| SO-0000326873 | 10/28/2009 | 82 Lafite | 2 | $ 2,800.00 | $ 5,600.00 |
| SO-0000327408 | 11/4/2009 | 85 Margaux | 5 | $ 350.00 | $ 1,750.00 |
| SO-0000329017 | 11/25/2009 | 82 Grange Hermitage | 2 | $ 279.99 | $ 559.98 |
| SO-0000329017 | 11/25/2009 | 86 Grange Hermitage | 2 | $ 395.00 | $ 790.00 |
| SO-0000329019 | 11/25/2009 | 87 Dunn Howell Cab | 4 | $ 99.99 | $ 399.96 |
| SO-0000332770 | 2/6/2010 | 82 Lafite | 3 | $ 2,800.00 | $ 8,400.00 |
| SO-0000338463 | 6/10/2010 | 82 Lafite (BN - corroded cap) | 1 | $ 2,800.00 | $ 2,800.00 |
| SO-0000356205 | 5/20/2011 | 89 Haut Brion | 1 | $ 1,499.00 | $ 1,499.00 |
| SO-0000362963 | 9/19/2011 | 2000 Mouton Magnum | 2 | $ 2,199.00 | $ 4,398.00 |
| SO-0000373497 | 2/3/2012 | 08 Latour A Pomerol | 60 | $ 39.99 | $ 2,399.40 |
| | | | **84** | | **$ 34,196.34** |